IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

Luis Sigfredo Pérez-Rivera,

Defendant.

**CRIM NO.** 24-141-1(RAM)

## MEMORANDUM AND ORDER

RAUL M. ARIAS-MARXUACH, United States District Judge.

This matter comes before the Court on Defendant Luis Sigfredo Pérez-Rivera's ("Pérez-Rivera") *Formal Objections to Third Amended Presentence Investigation Report* (Docket No. 86), his *Sentencing Memorandum* (Docket No. 81), and the Government's *Sentencing Memorandum*. (Docket No. 83) For the reasons set forth below, the Defendants *Objections* are **DENIED**.

### I.    INTRODUCTION

On April 2, 2025, Pérez-Rivera pled guilty to Counts One and Three of the Indictment. (Docket No. 67). Count One charges Pérez-Rivera and his co-defendant Luis Yahir Vázquez-Ortega ("Vázquez-Ortega") with carjacking a black 2017 Acura TLX (the "black Acura TLX") from victim J.R.G.R. on January 29, 2024. (Docket No. 17 at 1). Count Three charges Pérez-Rivera and his co-defendant with

Criminal No. 24-141-1(RAM)                                              2

carjacking a 2002 White Toyota Sequioa (the "Toyota Sequioa") from victim M.A.F.A. on January 30, 2024. Id. at 2. Both counts are violations of 18 U.S.C. §§ 2 and 2119(1). Id. at 1-2.

Due to various objections by Defendant and developments in a criminal case before the Court of First Instance, Arecibo Superior Part, arising from events that took place on February 2, 2024, four Presentence Reports ("PSRs") have been produced by the Probation Officer. (Dockets Nos. 75, 78, 79, and 84). The current PSR is the Third Amended PSR, as the title of Pérez-Rivera's *Objections* confirms. (Docket No. 84).

In his *Objections*, Pérez-Rivera contends that certain state offenses he committed on February 2, 2024, and as to which he pled guilty (the "February 2, 2024 State Offenses"), are relevant conduct to the offenses of conviction in this federal case. (Docket No. 86 at 1-2). According to Defendant, this should result in one point being deducted from his criminal history computation to arrive at a total of 12 points and a criminal history category of V. Id. Furthermore, in his *Sentencing Memorandum*, Defendant argues the federal sentence should run concurrent to the state sentence pursuant to U.S.S.G. §5G1.3(c). (Docket No. 81 at pp. 3-6). According to Pérez-Rivera, the February 2, 2024 State Offenses are "relevant conduct" under U.S.S.G. § 1B1.3 (Relevant Conduct-Factors that Determine Guideline Range) because the black Acura

TLX was used in the commission of those offenses which purportedly occurred while attempting to avoid capture for a federal offense. Id.

In its *Sentencing Memorandum*, the Government responds to Defendant's *Objections* by noting that by February 2, 2024, both carjackings charged in the instant case had concluded. (Docket No. 83 at 3). Therefore, while committing the February 2, 2024 State Offenses, Defendant (and his accomplice) were not fleeing from one of the carjackings but rather from the police's attempts to arrest them in relation to other conduct. Id. The Government thus posits the February 2, 2024 State Offenses are not relevant conduct because they do not meet the criteria in U.S.S.G. § 1B1.3. Id. The Government also contends that even if the February 2, 2024 State Offenses were deemed relevant conduct to the carjacking of the black Acura TLX used to commit them, those offenses cannot be deemed relevant conduct regarding the carjacking of the Toyota Sequoia. Id.

On July 1, 2025, the Court held a sentencing hearing and heard the argument of the parties. (Docket No. 91).

## II.  FINDINGS OF FACT

Defendant has not objected to the description of the Third Amended PSR's description of the offense conduct or of the February 2, 2024 State Offenses. Accordingly, the following findings of

fact are taken from the Third Amended PSR unless otherwise noted. *See* United States v. Olivero, 552 F.3d 34, 40 (1st Cir. 2009)(stating that the Court can rely on the facts in the PSR when the Defendant offers no countervailing proof)

A. **As to the Offenses of Conviction**:

1. On January 29, 2024, J.R.G.R. (Victim 1) was driving his black Acura TLX when he was approached by two masked individuals, later identified as Pérez-Rivera and Vázquez-Ortega. (Docket No. 84 ¶ 18). One of the individuals pointed his firearm ordering Victim 1 to get on his knees and to hand over his belongings. Id. Fearing for his life, Victim 1 handed over his wallet which contained cash and his identification documents. Id. The individuals got into the black Acura TLX and fled the scene to Villa Evangelina PHP.

2. On January 30, 2024, Pérez-Rivera and Vázquez-Ortega proceeded to steal a second vehicle. Id. ¶ 19. They robbed a paint store and spotted a Toyota Sequoia belonging to M.F.A. (Victim 2). Id. During this incident Vázquez-Ortega carried a fully automatic Glock with 7 full magazines. Id. While Victim 2 parked his white Toyota Sequoia in his residence, he was approached by a masked male individual who pointed a firearm at him and told him to get on the ground and drop his keys and phone. Id. The male individual picked up the keys and drove off in victim 2's Toyota Sequoia

Criminal No. 24-141-1(RAM)                                                   5

following another individual who drove a Gray Nissan Sentra that victim 2 had seen following him just moments earlier. Id.

**B. As to the February 2, 2024-State Offenses:**

3. On February 2, 2024, Pérez-Rivera and Vázquez-Ortega, trespassed into a business establishment called El Flamingo and broke 2 glass doors to enter the business. Id. ¶ 20. Puerto Rico Police spotted the black Acura TLX as it was leaving the El Flamingo with Pérez-Rivera and Vázquez Ortega onboard. Id.

4. Soon after a chase ensued while Vázquez Ortega drove the vehicle. Id. Meanwhile, Pérez-Rivera grabbed a pistol and shot at police. Id. The police shot back and wounded Vázquez-Ortega. Id.

5. Vázquez-Ortega drove to El Cotto PHP in Arecibo, PR. Id. ¶ 21. When the Defendants arrived at Cotto PHP, they entered the home of a female victim who was present with her children. Id. n. 6. Pérez-Rivera had his hand under his black jacket simulating a firearm and ordered here to stay inside the home, close the windows and to not leave. Id.

6. On May 29, 2025, Pérez-Rivera plead guilty before the Court of First Instance, Arecibo Superior Part, to the following charges resulting from events of February 2, 2024: (a) burglary resulting in aggravated damages for the events at el Flamingo; (b) aggravated assault for the shootout that resulted in the police chase while fleeing the burglary; and (c) aggravated restriction of liberty

Criminal No. 24-141-1(RAM)                                                          6

for forcing the female victim into the apartment while trying to
hide from police. (Docket Nos. 81 at 5; 82-1).

### III. APPLICABLE LAW

Under U.S.S.G § 1B1.3(a)(1)(A), "relevant conduct" includes
"all acts and omissions committed, aided abetted, counseled
commanded, induced, procured or willfully caused by the
defendant...that occurred during [i] the commission of the **offense
of conviction**, [ii] in preparation for that offense, or [iii] in
the course of attempting to avoid detection or responsibility for
that offense." (emphasis added); *see also* <u>United States v. Helms</u>,
58 F.4th 75, 88 (2nd Cir. 2023); <u>U.S. v. Camuti</u>, 950 F.3d 72, 75
(1st Cir. 1991). U.S.S.G. § 1B1.3(a)(1)(A) "concerns a defendant's
*own* relevant conduct." <u>Helms</u>, 58 F.4th at 88 (emphasis in
original). But the "relevant conduct" guidelines also address the
"acts of *others* with whom a defendant jointly undertook criminal
activity." <u>Id.</u> (emphasis in original). Under U.S.S.G §
1B1.3(a)(1)(B):

> "[R]elevant conduct" includes "in the case of a jointly
> undertaken criminal activity ... all acts and omissions
> of others that were[ ] (i) within the scope of the
> jointly undertaken criminal activity, (ii) in
> furtherance of that criminal activity, and (iii)
> reasonably foreseeable in connection with that criminal
> activity[ ] that occurred during the commission of the
> **offense of conviction**, in preparation for that offense,
> or in the course of attempting to avoid detection or
> responsibility for that offense."

Helms, 58 F.4th at 88 (quoting U.S.S.G § 1B1.3(a)(1)(B))
(emphasis added).

Where U.S.S.G. § 3D1.2(d) would require grouping of multiple
counts, "relevant conduct" also includes "all acts and omissions
described in subdivisions (1)(A) and (1)(B) above] that were part
of the same course of conduct or common scheme or plan as the
offense of conviction." U.S.S.G. § 1B1.3(a)(2). According to the
First Circuit, the *terms "same course of conduct" and "common
scheme or plan"* are "analytically distinct." *See* U.S. v. Vicente,
909 F.3d 20, 24 (1st Cir. 2018) The term "course of conduct"
"focuses on whether the defendant repeats the same type of criminal
activity over time." Id. (internal quotation omitted). The
"'common scheme or plan' prong, on the other hand, looks to whether
the 'acts are connected together by common participants or by an
overall scheme." Id. (cleaned up). To determine "whether either
of these prongs are met is necessarily a fact specific inquiry
that involves more than just a consideration of the elements of
the two offenses." Id. It requires consideration of factors "such
as the temporal and geographical proximity of the two offenses,
common victims, and a common criminal plan or intent also must be
considered." Id. at 24-25.

The term "*offense of conviction*" is used in the guidelines
"to distinguish the violation for which the defendant is being

sentenced from a prior or subsequent offense." *See* Application Note (I) to U.S.S.G. § 1B1.1.

## IV.  ANALYSIS

The February 2, 2024 State Offenses do not constitute relevant conduct under U.S.S.G. § 1B1.3(a) as they were not an act that occurred in during the commission of, in preparation for, or in the course of attempting to avoid detection or responsibility for the two carjackings that constitute the offenses of conviction in this case.  Simply put, the two carjackings occurred on January 29 and January 30, 2024.  Thus, the February 2, 2024 State Offenses occurred **3 days after the carjackings had been completed.** This chronology precludes any argument that state offenses were committed in preparation for, or during the commission of, the carjackings. And as the Government aptly put, the Defendant and his accomplice committed the aggravated assault and aggravated restriction of liberty offenses while attempting to avoid detection or responsibility for the burglary at El Flamingo on February 2, 2024. (Docket Nos. 83 at 3; 84 ¶ 65). There is no evidence that police gave chase to Defendant and his accomplice because of the black Acura TLX.

Given that the February 2, 2024 State Offenses were not committed in preparation for, during the commission of, or to evade detection or responsibility for the carjackings, the only avenue

left to Defendant is to argue that the carjackings and the February 2, 2024 State Offenses were part of the same "course of conduct" or "common scheme or plan" and thus relevant conduct to each other under U.S.S.G. § 1B1.3(a)(2). But that is a dead end. The primary guideline for a violation of 18 U.S.C. 2119 (carjacking) is U.S.S.G. § 2B3.1. (Docket No. 84 ¶ 33). U.S.S.G. § 2B3.1. is expressly precluded from grouping under U.S.S.G. § 3D1.2(d), which governs when certain counts can be grouped together. *See* U.S.S.G. § 3D1.2(d) ("Specifically excluded from the operation of this subsection are: ... § 2B3.1"). Accordingly, under the plain text of U.S.S.G. § 1B1.3(a)(2) and U.S.S.G. § 3D1.2(d) the February 2, 2024 State Offenses are not relevant conduct even if part of the "course of conduct" or "common scheme or plan" with the carjackings in the instant case because **carjackings cannot be grouped under U.S.S.G. § 3D1.2(d)**. *See e.g.,* U.S. v. Taylor, 813 F.3d 1139, 1151 (8th Cir. 2016) (holding that murder is not relevant conduct under U.S.S.G. § 1B1.3(a)(2) even if part of the same course of conduct as a marijuana conspiracy because U.S.S.G. § 3D1.2(d) provides that murder cannot be grouped with other crimes).

## V.    CONCLUSION

Considering the foregoing, Defendant's *Objections* to the Third Amended PSR are **DENIED**. The February 2, 2024 State Offenses are not "relevant conduct" to the carjackings, the Court will not

Criminal No. 24-141-1(RAM)                                                10

revise Defendant's criminal history computation, and U.S.S.G. §

5G1.3(c) does not apply.  The anticipated federal sentence for the

carjackings **need not be concurrent** to the sentence for the February

2, 2024 State Offenses.

        **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 5th day of September 2025.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge